STATE v. OLIVER LANCE.

(Filed 26 February 1964.)

APPEAL by defendant from a judgment entered October 9, 1963, by *McLean, J.,* Resident and Presiding Judge of the Twenty-eighth Judicial District, then presiding at the October 7, 1963, Regular Civil Session, BUNCOMBE Superior Court.

The judgment entered by Judge McLean on October 9, 1963, provides:

"THIS CAUSE coming on to be heard and being heard upon an appeal from the General County Court of Buncombe County, North Carolina, from the ordering into effect of a suspended sentence pronounced in the General County Court of Buncombe County, North Carolina, on October 12, 1963 *(sic)*;

"And upon motion of the Solicitor for the State to place the suspended sentence into effect;

"And it appearing to the Court that on October 12, 1962, Judgment was entered in the General County Court of Buncombe County, North Carolina in this cause, providing among other things, that the defendant be confined in the common jail of Buncombe County for a period of twelve months to be assigned to work under the supervision of the State Prison Department, as provided by law;

"That said prison sentence was suspended on condition:

"1. That defendant violate none of the criminal laws of the State and particularly the prohibition laws.

"And it appearing to the Court that said suspended sentence was placed into effect on the 21st day of June 1963, for violation of condition, in that the defendant was convicted of the unlawful possession of non-tax-paid liquor;

"And the defendant having appealed, both the conviction for the unlawful possession of non-tax-paid liquor and from the activation of the suspended sentence;

"And it appearing to the Court on Monday, July 8, 1963, the defendant tendered a plea of guilty of the unlawful possession of non-tax-paid liquor in Case No. 63-555, in this Court, as appears in Judgment Docket 31, Minutes of the Criminal Trials of the Superior Court of Buncombe County, North Carolina, on Page 330;

"And the Court, after hearing the evidence, adduced in Case # 63-555, and also heard other evidence on the 9th day of October 1963, finds as a fact that the defendant has had in his possession unlawful non-tax-paid liquor, after the rendition of the Judgment in the General County Court on the 12th day of October 1962, and has breached Condition 1 upon which the sentence was suspended on October 12, 1962;

"IT IS, THEREFORE, ORDERED that commitment issue to place the twelve months prison sentence into effect, as pronounced in the General County Court of Buncombe County, North Carolina, on October 12, 1962."

Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

· *Wade Hall and Lamar Gudger for defendant appellant.*

PER CURIAM.  The record discloses the following:

On October 12, 1962, in Case No. 62-4887, the general county court, upon defendant's conviction of the unlawful manufacture of intoxicating liquor on September 13, 1962, pronounced judgment imposing a sentence of twelve months suspended for two years upon condition that defendant violate none of the criminal laws of the State, particularly the prohibition laws.

On June 21, 1963, in Case No. 63-2152, the general county court, upon defendant's conviction of unlawful possession of two pints of nontaxpaid whiskey on May 31, 1963, pronounced judgment imposing a sentence of six months; and, based on said conviction, the general county court then entered judgment in Case No. 62-4887 activating the twelve months' suspended sentence it had pronounced therein on October 12, 1962. Defendant appealed from both judgments.

The hearing before Judge McLean on October 9, 1963, was on defendant's appeal from the judgment entered by the general county court on June 21, 1963, in its Case No. 62-4887. See G.S. 15-200.1 as amended by Session Laws 1963, Chapter 632, Section 3.

Defendant's assignments of error relate to asserted irregularities in respect of notice and procedure in connection with the hearing in the general county court on June 21, 1963, and the hearing before Judge McLean on October 9, 1963. We deem it unnecessary to set forth and discuss these assignments in detail. Nothing indicates defendant requested a postponement of either hearing or that he was not given a fair hearing. While defendant did not testify at the hearing before Judge McLean on October 9, 1963, he offered evidence tending to show his (good) general reputation.

Defendant, in his statement on appeal, says: "On the 8th day of July 1963, the defendant entered a plea of guilty in the Superior Court of Buncombe County, North Carolina, to the unlawful possession of non-tax-paid liquor and on said occasion was released upon payment of a fine of $500.00." The case heard *de novo* in superior court on July 8, 1963, was the criminal prosecution of defendant for his alleged unlawful possession of two pints of nontaxpaid whiskey on May 31, 1963, to wit, the criminal offense for which he had been tried and convicted in the general county court on June 21, 1963.

Defendant's said plea of guilty on July 8, 1963, in superior court Case No. 63-555 (general county court Case No. 63-2152) was sufficient in itself to establish his violation of the condition on which the twelve months' sentence of October 12, 1962, was suspended. Hence, Judge McLean's judgment of October 9, 1963, is affirmed.

Defendant's contention that Judge McLean when presiding at said civil session lacked jurisdiction is without merit. See G.S. 15-200.1 as amended by Session Laws 1963, Chapter 632, Section 3.

Affirmed.